IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE THEUS,<br><br>   Plaintiff,<br><br>v.<br><br>AMEREX CORPORATION,<br><br>   Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Stephanie Theus ("Plaintiff" or "Ms. Theus"), by and through her undersigned counsel, and files this Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Amerex Corporation ("Defendant") for violations of her rights under the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981"), and Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. §§ 1343, and 42 U.S.C. § 1981.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §1981, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 17, 2020; the EEOC issued its Notice of Right to Sue on June 30, 2022.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## **PARTIES**

6.

Plaintiff is an African American female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Alabama, and at all times material hereto has conducted business within this District. Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

Defendant has employed five hundred (500) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

9.

Defendant may be served with process by delivering a copy of the summons and complaint to James M. Proctor, II, located at 2900 Highway 280 Suite 300 Birmingham, AL 35223.

## **FACTUAL ALLEGATIONS**

10.

Plaintiff began working for Defendant in or about 2010 and remained employed until her termination on or about August 31, 2020.

11.

Plaintiff's most recent role with Defendant was a Compliance Manager.

12.

On or about February 2020, Plaintiff had a discussion with Harrison Bishop ("Bishop"), Defendant's president.

13.

During this meeting, Plaintiff discussed her pay and concerns related to so few women and African Americans represented in management.

14.

Bishop also told Plaintiff during this meeting; she would never be promoted to management.

15.

Weeks later, Defendant began taking some of Plaintiff's job duties.

16.

Shortly thereafter, Defendant began to train another employee to do the exact job functions, which Defendant recently took from Plaintiff.

17.

By April 2020, Defendant asked Plaintiff to work as a backup receptionist, which was an entry level position.

18.

Plaintiff immediately complained to human resources about the demotion.

19.

Plaintiff specifically addressed the ongoing removal of job functions with her supervisor, Jacob Johnsey.

20.

Despite these complaints, an investigation was never performed.

21.

On August 30, 2020, Plaintiff was terminated for low sales; however, Plaintiff never received negative performance reviews until her termination.

22.

Following Plaintiff's termination, she was replaced with a man who was not of African ancestry.

23.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

24.

Plaintiff was treated less favorably in the terms and/or conditions of her employment than others outside of her protected class, i.e., African-American female.

## CLAIMS FOR RELIEF

## COUNT I:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

25.

Plaintiff re-alleges paragraphs 1-24 as if set forth fully herein.

26.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

27.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

28.

The effect of the conduct complained of herein has been to deprive Plaintiff of an equal employment opportunity and has otherwise adversely affected her status as an employee because of her race.

29.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

30.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

31.

Plaintiff re-alleges paragraphs 1-30 as if set forth fully herein.

32.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

33.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

34.

The effect of the conduct complained of herein has been to deprive Plaintiff of an equal employment opportunity and has otherwise adversely affected her status as an employee because of her gender.

35.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

36.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## **COUNT III:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

37.

Plaintiff re-alleges paragraphs 1-36 as if set forth fully herein.

38.

Defendant's actions, as detailed above, in terminating Plaintiff because of her protected activity constitutes unlawful intentional retaliation in violation of Title VII.

39.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

40.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## COUNT IV:  VIOLATION OF 42 U.S.C. § 1981

41.

Plaintiff re-alleges paragraphs 1-40  as if set forth fully herein.

42.

Defendant subjected Plaintiff to discrimination and harassment on the basis of her race, African American.

43.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

44.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of her race.

45.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

46.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

47.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

48.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

**COUNT V:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION**

49.

Plaintiff re-alleges paragraphs 1-48 as if set forth fully herein.

50.

Plaintiff engaged in protected conduct when she complained about race-based discrimination.

51.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

52.

There was a causal connection between the protected conduct and the adverse action.

53.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

54.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which she may be entitled.

**BARRETT & FARAHANY**

s/ *Kira Fonteneau*
Kira Fonteneau
Counsel for Plaintiff Stephanie Theus

2 20th St. N. Ste 900
Birmingham, AL 35203
(404) 214-0120
kira@justiceatwork.com
(205) 564-9005